# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-01411-SCT

*ILENE F. ESTES*

*v.*

*DONALD STARNES*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/97 |
| TRIAL JUDGE: | HON. C. E. MORGAN, III |
| COURT FROM WHICH APPEALED: | WINSTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TAYLOR TUCKER |
| ATTORNEY FOR APPELLEE: | P. SCOTT PHILLIPS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 2/11/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Ilene F. Estes appeals a June 12, 1997 order of the Winston County Circuit Court denying her motion to file an amended complaint in a case arising from an automobile accident which occurred on February 25, 1993. The negligence action against Donald Starnes subsequently was dismissed by the circuit court on October 7, 1997. Finding that amendment of the complaint should have been allowed pursuant to Rules 15(a) and (c) of the Mississippi Rules of Civil Procedure, we reverse and remand for further proceedings consistent with this opinion.

I.

¶2. Estes was treated at the Winston County Community Hospital on February 25, 1993 for injuries sustained in an automobile accident that day. She filed suit against Donald Starnes on February 24, 1994,[1] alleging that he had caused the accident by negligently running a red light. Starnes denied the allegations against him. Starnes' first set of interrogatories and request for production of documents and for admissions and Estes' April 4, 1994 response thereto, including her medical records, are the only discovery documents

set forth in the record for this Court's consideration. The accident report was not made part of the record.

¶3. Three years later, on April 10, 1997, Estes filed a motion to amend the complaint. The proposed amended complaint charged that David C. Starnes negligently drove the vehicle which ran a red light and collided with her car on February 25, 1993. Estes states in her brief that a hearing was held on April 28, 1997, but a transcript of that proceeding was not made a part of the record. The circuit court denied her motion, finding

> that Donald Starnes was not the driver of the automobile at the time of the subject accident; that the purpose of the Motion to File Amended Complaint was to change the party against whom the claim is asserted to David C. Starnes; and that the Plaintiff offered no evidence to show why she failed to take reasonable steps to discover that she had filed suit against the wrong party within the applicable statute of limitations.

Donald Starnes subsequently filed a motion to dismiss the action against him, or in the alternative, for summary judgment, asserting that he was not driving the vehicle in question at the time of the accident. The circuit court entered an order of dismissal on October 7, 1997.

## II.

¶4. Amendment of complaints is governed by Rule 15 of the Mississippi Rules of Civil Procedure. Once a responsive pleading has been served, as it was in the case *sub judice*, Rule 15(a) provides, in relevant part, that "a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires." This Court has found that motions for leave to amend are within the discretion of the trial court, and absent an abuse of that discretion, will not be reversed. *Frank v. Dore*, 635 So. 2d 1369, 1375 (Miss. 1994). In *Frank*, the Court noted language from the United States Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182 (1962), construing the analogous provisions of Rule 15(a) of the Federal Rules of Civil Procedure as follows:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded ... if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be 'freely given.'

*Frank,* 635 So. 2d at 1375 (quoting *Foman,* 371 U.S. at 182). Under the "freely given where justice so requires" standard, Estes should have been allowed to amend her complaint and to test her claim on the merits since even the few facts given appear to present a "proper subject for relief."

## III.

¶5. Estes next asserts that the circuit court erred in taking into consideration the statute of limitations because there is no evidence in the record as to the applicable statute of limitations and the record is devoid of any references to it. Pursuant to *Womble v. Singing River Hospital,* 618 So. 2d 1252 (Miss. 1993), the relating back provision of Rule 15(c) enables Estes to amend her complaint to name the proper party and keep her claim alive regardless of the statute of limitations. Rule 15(c) provides as follows:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

In *Womble*, where the family of the deceased sought to amend their pleadings to substitute named parties for John Doe defendants, and no relief could be afforded pursuant to Rule 9(h)since the Wombles were not found to be ignorant of the defendants' identities as contemplated by that Rule, the amendment was allowed pursuant to Rule 15(c). *Womble*, 618 So. 2d at 1267. Although the applicable statute of limitations had run, we found that within the statutory period for initiating the lawsuit, the defendant doctors were aware of the suit and knew or should have known that but for a mistake in their identities, they would have been included. *Id.* at 1268. Moreover, since they had retained counsel shortly after the case was filed, they would not be prejudiced by having to defend the merits of their case. *Id*.

¶6. In the case *sub judice,* the senior Starnes, as well as his minor son, the driver of the vehicle, had notice of Estes' claim within the applicable statute of limitations by virtue of Estes' negotiations with the Starnes' insurer and ultimately, Estes' action against the elder Starnes. The younger Starnes and his father knew or should have known that but for some error in identity, he was the proper party and cannot be said to have been prejudiced since his father had retained counsel since the suit was instituted in 1994. Amendment therefore should have been allowed.

IV.

¶7. In her final assignment of error, Estes asserts that the circuit court's determination in his written order that "the Plaintiff offered no evidence to show why she failed to take reasonable steps to discover that she had filed suit against the wrong party within the applicable statute of limitations" does not provide the written findings or basis for denial she states are required by *Frank v. Dore,* 635 So. 2d 1369, 1376 (Miss. 1994). In *Frank*, this Court explained that "[w]here no reason is assigned as grounds for the denial of a motion to amend a pleading, this Court has no guide whereby it can determine whether a trial court has abused its discretion." *Id.* (*quoting McDonald v. Holmes*, 595 So. 2d 434, 437 (Miss. 1992)). Estes sought to amend the pleadings to substitute a named party one year after the expiration of the general three-year statute of limitations enumerated in Miss. Code Ann. § 15-1-49 (1995). Given that she sought to amend her complaint because the wrong party had been named, the circuit court's finding that she had failed to present any evidence of why she had not previously identified the correct defendant is an adequate explanation of why he declined to allow her to amend her complaint.

V.

¶8. While the circuit court presented an adequate written finding of why he denied Estes' motion to amend her complaint to substitute a party, based on the sparse record before this Court, the amendment should have been allowed. Rule 15(a) allows for the liberal amendment of pleadings and Rule 15(c) has been construed as allowing the relation back of additional parties where the newly-named party was aware of the proceedings during the statutory time limit for bringing suit, knew or should have known that but for a mistake in identity he would have been named, and would not be prejudiced in his defense of his case. Under these standards, amendment should have been allowed despite the apparent lack of diligence of Estes' attorney. We therefore reverse the circuit court's order of dismissal and remand for further proceedings consistent with this opinion.

¶9. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND MILLS, JJ.**

**SMITH, JUSTICE, DISSENTING:**

¶10. In section II, the Majority states, "Under the 'freely given where justice so requires' standard, Estes should have been allowed to amend her complaint and to test her claim on the merits since even the few facts given appear to present a 'proper subject for relief.'" Majority at 3-4. In the case *sub judice*, Estes has failed to meet even this liberal standard under Miss.R.Civ.P. 15(a), and I therefore dissent.

¶11. The Majority properly cites *Frank v. Dore*, 635 So.2d 1369, 1375 (Miss. 1994), for the proposition that motions for leave to amend are within the discretion of the trial court, and absent an abuse of that discretion, will not be reversed. Majority at 3. In *Frank,* this Court referred to [*Foman v. Davis*, 371 U.S. 178, 182 (1962)](), in which the United States Supreme Court, construing the analogous provisions of Rule 15(a) of the Federal Rules of Civil Procedure, said as follows:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded ... if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. **In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.--the leave sought should, as the rules require, be 'freely given.'** Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but **outright refusal to grant the leave without <u>any justifying reason</u> appearing for the denial is not an exercise of discretion**; it is merely abuse of that discretion and inconsistent

with the spirit of the Federal Rules.

*Frank*, 635 So.2d at 1375 (*quoting* **Foman**, 371 U.S. at 182) (emphasis added).

¶12. In the case *sub judice*, the record reveals that the trial judge stated in his June 12, 1997, order that Estes offered no evidence to the trial court to show why she failed to take reasonable steps to discover that she had filed suit against the wrong party within the applicable statute of limitations and should later be given the opportunity to amend under Rule 15. In my opinion, Estes' failure to offer any evidence to the trial court to support her motion to amend is a "justifying reason" for the denial of the motion and a proper exercise of the discretion afforded the trial judge. Certainly the learned trial judge did not abuse his discretion.

¶13. I respectfully dissent.

**ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**

1. According to Estes' brief, Starnes was insured by Alfa Insurance Co. and she attempted to negotiate and settle the matter with the insurer between February 25, 1993 and February 24, 1994. She asserts that her attorney only learned that David Starnes, Donald Starnes' minor son, was driving the car on April 8, 1997.